**JULIE R. PATTEN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**E-Mail: Julia.Patten@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**STEVEN PAUL FURLONG,**<br><br>**Defendant.** | **CR 19-88-BLG-SPW**<br><br>**SENTENCING MEMORANDUM** |

## INTRODUCTION

Steven Paul Furlong has plead guilty to count II of the indictment charging him with possession with intent to distribute methamphetamine. The presentence investigation report has calculated an advisory guideline range of 120 months, based upon the mandatory minimum sentence, a total offense level of 27, and a

criminal history category of III. For the reasons set forth below, the United States will ask the Court to impose a sentence of 72 months.

## ARGUMENT

### A. The Offense

In November 2018, a confidential informant identified Steven Furlong as a distributor of methamphetamine whose source was Byrne Mestas and his male roommate, who was later determined to be Jerry Schuster. The information included that Mestas and the roommate frequently traveled out of state to obtain methamphetamine in large quantities. Detective Mike Robinson learned of an address for Mestas and Schuster. Outside the residence was a Suzuki swift registered to the defendant and a Jeep Cherokee registered to Mestas. Detective Robinson was familiar with Schuster because of previous investigations into his daughter, Emily, for drug distribution.

On May 1, 2019, Billings Police officers were dispatched to the Red Lion Inn and located Furlong in a vehicle with Lela Vankrieken. Furlong told officers he had drugs in his possession and allowed officers to remove it from his pocket and he had approximately 11 grams of meth and $1,256.69 in cash. His vehicle was impounded pending a search warrant. The search of Furlong's vehicle revealed 109 grams of methamphetamine under his seat along with drug packaging

paraphernalia. EMHIDTA Agents interviewed Furlong at the jail. He advised he sells methamphetamine and identified Schuster, Mestas, and Josh Markovich as his sources of supply for methamphetamine. He primarily dealt with Schuster and Mestas. He told agents Schuster and Mestas go to California to obtain more than fifty pounds of methamphetamine at a time. He personally observed forty pounds of methamphetamine at their trailer house.

Agents were able to corroborate the details provided by Furlong. Agents searched Furlong's phone pursuant to a search warrant and found he was selling large amounts of meth and had met up with Mestas prior to his arrest. Agents monitored Furlong's jail calls and found a call to his daughter instructing her to contact of Mestas to make some money to bond him out of jail.

**B. History and Characteristics of Furlong**

Furlong has had a long history of addiction, beginning with alcohol at age 13 and progressing to methamphetamine addiction that has plagued his adulthood. It appears that it is his addiction that has driven much of his criminal behavior.

In 2003, Furlong was convicted of felony driving under the influence. PSR ¶ 35. Two years later, he received his second felony DUI. PSR ¶ 36. As part of that sentence, he completed the Nexus Program to address his methamphetamine and alcohol addiction. *Id.* Despite that treatment, he was revoked twice for violations of

his probation, specifically continued use of methamphetamine. *Id.* He is currently pending felony theft and drug possession charges in Yellowstone County District Court. PSR ¶ 40, 41.

### C. Sentence Recommendation

Section 3553(a) of Title 18 of the United States Code contains a list of factors courts consider in imposing a sentence. The list is preceded by what has become known as the parsimony principle, requiring courts to "impose a sentence sufficient, but not greater than necessary, to comply with" four identified purposes – just punishment, deterrence, protection of the public, and rehabilitation. To meet this requirement, the statute directs courts to take into account the nature and circumstances of the offense and the history and characteristics of the defendant, as well as "the need for the sentence imposed" to meet the four overarching aims of sentencing. Additionally, the court must consider the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing disparities, and restitution to the victim. 18 U.S.C. § 3553(a)(1), (3) - (7).

The defendant's actions are serious and have a direct impact on the community. The distribution of methamphetamine is crippling communities throughout Montana and the United States. Although drug offenses can sometimes be referred to as "victimless" crimes, methamphetamine distribution and use leaves

countless numbers of victims. The drug users, their families, and the communities they live in are all impacted by the distribution of methamphetamine. The use of methamphetamine leads to irrational and sometimes unconscionable decisions, including violence.

Furlong's addiction appears to be the motivation for his decision to sell methamphetamine. That said, he still put methamphetamine into the hands of countless addicts contributing to the already significant methamphetamine problem in this community. A sentence of 72 months addresses the seriousness of the offense and provide just punishment for the offense. Additionally, the sentence will give Furlong the opportunity for treatment while incarcerated.

DATED this 1st day of July, 2020.

KURT G. ALME
United States Attorney

*/s/ Julie R. Patten*
JULIE R. PATTEN
Assistant U.S. Attorney