LISA J. BAZANT, PLLC
GW Building
2722 3rd Avenue North, Suite 400
P.O. Box 1832
Billings, MT 59103-1832
Phone: (406)696-2197
Fax: (406)248-4770
lisabazant@hotmail.com
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN PAUL FURLONG,<br><br>Defendant. | **Case No.** CR 19-88-BLG-SPW-03<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

COMES NOW the Defendant, Steven Paul Furlong, by and through his counsel of record, Lisa J. Bazant, and offers this Sentencing Memorandum to this Honorable Court for Mr. Furlong's sentencing, currently scheduled for *Wednesday, July 22, 2020 at 2:30 p.m.*

## I. INTRODUCTION

On June 21, 2019, the Grand Jury for the District of Montana handed down a two count, three defendant Indictment charging Jerry Ray Schuster, Byrne Martin Mestas and Steven Paul Furlong with Count I: Conspiracy to Possess with Intent to Distribute Methamphetamine, and Count II: Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§841(a)(1) and 846, respectively. On June 25, 2019, Mr. Furlong was arrested on the Indictment. On August 8, 2019, following a pretrial detention hearing, Mr. Furlong was released on conditions.

On January 9, 2020, Mr. Furlong appeared before the United States Magistrate Judge Timothy J. Cavan and entered a guilty plea to Count II of the Indictment with the benefit of a plea agreement. Defendant was detained pending sentencing upon the Government's uncontested motion.

## II. DISCUSSION

### GUIDELINE CALCULATIONS

While rendering the Sentencing Guidelines advisory, the Supreme Court preserved a key role for the Sentencing Commission in that district courts must treat the Guidelines as the "starting point and the initial benchmark" in imposing

sentencing. Kimbrough v. United States, 128 S.Ct. 558, 574 (2007); *See also*, Rita v. United States, 127 S.Ct. 2456 (2007).

In the instant case, the presentence report correctly calculates the total offense level and criminal history category: the Total Offense Level is a 27 and a Criminal History Category III for an Advisory Guideline range of **87-108 months.** The statute mandates a minimum sentence of 10 years: therefore, the guideline range is **120 months.**

Mr. Furlong is requesting the Court impose sentence of **48 months**.

**MITIGATING FACTORS UNDER 18 U.S.C. §3553(a):**

The Sentencing Guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Koon v. United States, 518 U.S. 81, 106 (1996). The Guidelines "do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process ... in areas where the Sentencing Commission has not spoken ... district courts should not hesitate to use their discretion in devising sentences that provide individualized justice." United States v. Williams, 65 F.3d 301, 309-10 (2nd Cir. 1995). In the aftermath of United States v. Booker, 543 U.S. 200 (2005), a district court must consider all of the factors designated in 18 U.S.C. §3553(a) and strive to find the most reasonable sentence for the particular individual under consideration. United

States v. Zavala, 443 F.3d 1165, 1170 (9th Cir. 2006). As this Honorable Court is well aware, 18 U.S.C. §3553 mandates that the Court **"impose a sentence that is sufficient, but not greater than necessary"** and to "consider the nature and circumstances of the offense and the history and characteristics of the defendant." Additionally, the sentence imposed is to reflect the seriousness of the offense, promote respect for the law, provide adequate deterrence, protect the public from future crimes of the defendant and provide defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

Steven Furlong is a 50 year old man who has pleaded guilty to the charge of Possession with Intent to Distribute Methamphetamine. The offense involved Steven, along with Jerry Schuster and Byrne Mestas, obtaining methamphetamine for redistribution and personal use. As reflected in the Offense Conduct, Steven was arrested along with Angela Castro at a local motel on May 1, 2019. (PSR ¶ 10). When he was arrested, agents executed a search warrant on his vehicle and seized approximately 100 grams of methamphetamine. (PSR ¶¶10, 16). Steven was later interviewed and admitted to being a methamphetamine addict that deals drugs to support his habit. Steven informed agents that co-defendants Schuster and Mestas, along with a third individual Josh Markovich, traveled in between

Montana and California to obtain large amount of methamphetamine for further distribution – amounts of up to 50 pound at a time – to redistribute.

Although the offense involved the distribution of large amounts of methamphetamine, Steven's involvement revolves around his desire to maintain access to illegal drugs for personal use. He was not getting rich as the result of the offense. Further, the notation to large historical amounts of methamphetamine, as well as firearms, mentioned in the PSR, are not attributable to Steven. (PSR ¶¶11, 15). Those quantities and firearms were found in the co-defendants' residence.

Steven is asking the Court to consider his role in the offense conduct when considering a sufficient but not greater than sentence. In this case, Steven was not involved in traveling to California to obtain methamphetamine, nor is there any information he was involved in planning the trips to California to contact the source of supply. There is no indication that he directed the activity of others. There is no information that indicates that Steven knew of any sources of methamphetamine in any other state. He only knew that Schuster, Mestas and Markovich were bringing the meth back to Montana for further distribution. And when he was arrested, the amount of methamphetamine in his possession was substantially less than the multiple-pound quantities that Schuster, Mestas and Markovich were bringing to Montana – the thirty pound quantity that was

ultimately seized at their residence. (PSR ¶16). Quite simply, Steven was not dealing methamphetamine at their same level – he was a street level dealer who benefitted from the illegal activity to a much lesser degree. Steven was dealing solely to support his own addiction.

Even though the criminal history lists a number of felony convictions, his convictions and subsequent violations relate solely to drug or alcohol related activity. Indeed, his two outstanding felony cases reflected in PSR paragraphs 40 and 41 in the Thirteenth Judicial District Court, Yellowstone County, are similarly related to drug use and using stolen property to pay for illegal drugs.

In Steven's case, addiction treatment is a pertinent issue when considering the §3553 factors. As noted in the PSR, Steven has long battled addiction. He began his use of controlled substances at age 14 with marijuana, graduating to cocaine at age 19. While he did not begin use of methamphetamine until age 36 after his first DUI conviction, he nonetheless moved effortlessly into that addiction and methamphetamine played a role in each of his felony DUI revocations. (PSR ¶¶ 51, 35, 36). Steven's battles with addiction are long standing, and despite the numerous opportunities for treatment options, including the Watch Program, Nexus, Connections Corrections Program, and individual substance abuse

treatment at Alternatives, Inc., during his period of pretrial release, Steven has not gained the tools to be successful. (PSR ¶52). RDAP is clearly warranted.

## III. CONCLUSION

The overarching statutory charge for the District Court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, to afford adequate deterrence, to protect the public and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. Here, the relationship between Steven's history of drug abuse and criminal convictions indicates that what is needed is treatment, not long incarceration. Rehabilitation reduces the risk of recidivism. The supervised release term to follow will assure monitoring and treatment that will forestall a return to his past patterns of substance abuse.

Defendant respectfully requests that this Court sentence him to 48 months, a sufficient time for Steven to complete the 500-hour RDAP program. Steven further requests that the Court run his federal period of incarceration *concurrent* with any term to be imposed in Thirteenth Judicial District Court, Yellowstone

County DC 18-1349 an DC 18-1351, as this behavior reflects on-going drug related activity to the current offense. [1]

**RESPECTFULLY SUBMITTED** this 11th day of January, 2019.

/s/ Lisa J. Bazant
LISA J. BAZANT

Counsel for Defendant

[1]Undersigned counsel has been informed via email that the parties to the State case are finalizing a plea agreement whereby Steven would plead to one felony theft count and one felony drug count in the two separate cases, each one would be for 3 years DOC suspended to run concurrent with each other. (PSR ¶¶ 40-41). Should a final plea agreement be executed prior to Steven's federal sentencing, a copy will be provided to the Court and the USPO.

**CERTIFICATE OF SERVICE**

**L.R. 5.2(b)**

I hereby certify that on July 1, 2020, a copy of the foregoing document was served on the following persons by the following means:

__1__ CM-ECF

__ ___ Hand Delivery

_2___ Mail

_____ Overnight Delivery Service

_____ Fax

____ E-Mail

1.

CLERK, UNITED STATES DISTRICT COURT

Julie R. Patten
Assistant U.S. Attorney
United States Attorney's Office

2.

Steven Paul Furlong

/s/ Lisa J. Bazant
LISA J. BAZANT

Counsel for Defendant