**JULIE R. PATTEN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**E-mail: Julia.Patten@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**BYRNE MARTIN MESTAS,**<br><br>**Defendant.** | **CR 19-88-BLG-SPW**<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)** |

Defendant Mestas filed a motion for release under 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 156. Mestas is currently serving a 180-month sentence for conspiracy to possess with intent to distribute methamphetamine. Doc. 117. Mestas' motion should be denied because his release would not be justified under the 18 U.S.C. § 3553(a) factors.

## INTRODUCTION

### I. Defendant's Offense and Sentence[1]

In November 2018, law enforcement identified Byrne Mestas as a methamphetamine distributor who, along with his roommate Jerry Schuster, frequently traveled out of state to obtain large amounts of methamphetamine.

In May of 2019, Billings Police officers encountered Steve Furlong outside a local hotel. A search of his vehicle revealed 109 grams of methamphetamine. Furlong told agents that Mestas and Schuster were his source of supply for methamphetamine. He told agents Mestas and Schuster traveled to California to obtain more than fifty pounds of methamphetamine at a time. Furlong had personally observed forty pounds in Mestas' and Schuster's trailer home.

Furlong's phone was searched pursuant to a warrant, and messages on his phone corroborated what he told agents. He was selling large amounts of methamphetamine and had met up with Mestas prior to his arrest. In a jail call, Furlong instructed his daughter to contact Mestas to make some money to bond him out of jail.

Agents conducted surveillance at Mestas' and Schuster's trailer house. Agents observed Mestas remove a black duffel bag from a Ford pickup and return

[1] The facts described in this section are derived from the United States' sentencing memorandum (Doc. 105) and Mestas' presentence report.

to the residence. Later, Mestas and Schuster were seen taking the black duffel to Schuster's Suzuki Swift.

Agents executed a search warrant on the trailer house and the vehicles associated with it. Agents located a pound of methamphetamine inside the residence and 30 pounds of methamphetamine located in Schuster's Suzuki Swift. In the other three vehicles, agents located another pound of meth. In the search, agents also located receipts documenting travel to California and over $11,000 in cash.

Agents located 16 financial transactions Mestas made between June 30, 2018 and April 13, 2019 indicating he was sending money to California to purchase methamphetamine.

Mestas was indicted and ultimately pled guilty to conspiracy to possess with the intent to distribute methamphetamine. The presentence report calculated an advisory guideline range of 210 to 262 months, based upon a total offense level of 35 and a criminal history category of III. Mestas was also subject to the mandatory minimum 120 months.

This Court sentenced Mestas to 180 months, and recommended he be placed at a medical facility due to his health issues. Doc. 117. As outlined in the presentence report, Mestas suffered from several health issues: coronary artery disease, congestive heart failure, appendicitis, dental caries, hearing loss,

hyperlipidemia, enlarged prostate, arthritis, and skin lesions. PSR ¶ 56. It was noted he had suffered from multiple heart attacks, had undergone a coronary artery bypass, and left heart catheterization. PSR ¶¶ 57, 60.

Mestas is currently incarcerated at Rochester Federal Medical Center. *See* Inmate Locator, http://www.bop.gov/inmateloc (last accessed May 18, 2026). His projected release date is April 25, 2031. *Id.*

### II. Defendant's Motion for Compassionate Release

The defendant filed two requests for release with the warden at his facility, once in 2021 and another in 2023. *See* Gov't Exhibit 1. Both requests were denied. *Id.* He has exhausted his administrative remedies.

Mestas argues he should be released because his medical conditions are deteriorating. While that may constitute an "extraordinary and compelling" reason, the § 3553(a) factors militate against his early release.

The United States has attached Mestas' medical records up until April 2026 as Exhibit 2.

## ARGUMENT

### I. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an

exception, that has become known as compassionate release, to allow reduction of a sentence for "extraordinary and compelling reasons."

The compassionate release statute, 18.U.S.C. § 3582(c), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is a non-jurisdictional, mandatory claim processing rule that must be enforced when invoked by the government. *See United States v. Franco,* 973 F.3d 465, 468 (5th Cir. 2020). Further, the applicable policy statement appears at USSG § 1B1.13, and it provides that the district court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18

U.S.C. § 3553(a), to the extent that they are applicable," and the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

The Sentencing Guidelines were amended, with the amendments taking effect on November 1, 2023. *United States v. Arcila,* 716 F.Supp.3d 1052 (D. Or. 2024). The Sentencing Commission explained that the November 1, 2023, amendment "extends the applicability of the policy statement to defendant-filed motions." *Id.* Thus, a defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the policy statement. *Id.,* at *2.

The Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons to be considered individually and in the aggregate: the defendant's medical conditions, age, family circumstances, and status as a victim of abuse. *Id.* (citing USSG § 1B1.13(b)(1)-(4)). A defendant seeking a reduction in his terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020); *United States v. Stuart*, No. CR11-0120-JCC, 2020 WL 7028921, at *1 (W.D. Wash. Nov. 30, 2020). Although the Ninth Circuit has not expressly decided which party bears the burden in the context of a motion for compassionate release brought pursuant to

§ 3582(c) as amended by the First Step Act, district courts to have done so, agree that the burden remains with the defendant. *United States v. Stone*, No. 2:16-CR-00038-KJM-3, 2022 WL 2483755, at *2 (E.D. Cal. July 6, 2022); *United States v. Mathews*, 557 F. Supp. 3d 1057, 1061 (E.D. Cal. 2021); *United States v. Becerra*, No. 18-0080, 2021 WL 535432, at *3 (E.D. Cal. Feb. 12, 2021)).

**ARGUMENT**

The United States will concede that Mestas' medical conditions likely constitute an "extraordinary and compelling" reason for release but a reduction of his sentence is not appropriate because an early release would significantly undermine the 18 U.S.C. § 3553(a) factors.

**A. Mestas has demonstrated an "extraordinary and compelling" reason for release.**

Though the United States opposes Mestas' early release from prison, it does agree that his medical conditions constitute an "extraordinary and compelling" reason for his release. Specifically, U.S.S.G. § 1B1.13(b)(1)(B) states that an "extraordinary and compelling" reason exists if the defendant is suffering from a serious physical or medical condition. As detailed in the defendant's brief, Mestas has significant, and ongoing, health problems. His medical records support that. (Gov't Exhibit 2). He is currently placed at FMC Rochester so he can receive the appropriate medical treatment. As noted in the medical records, he is receiving

adequate medical care, however, he does not always heed medical advice or recommendations for follow-up care.

The United States does not disagree that his medical conditions have presented a potential "extraordinary and compelling" reason for his early release. But, the 18 U.S.C. § 3553(a) factors disfavor an early release at this time.

**B. The 18 U.S.C. § 3553(a) factors do not support early release.**

Any compassionate release decision – even for a statutorily eligible defendant – must also consider the factors under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Those factors include the nature and circumstances of the offense, the defendant's history and characteristics and the need for the sentenced imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)-(2). Those factors do not support the defendant's request for premature, permanent release.

There is little doubt this is a serious offense. Mestas was trafficking significant amounts of methamphetamine into the community, and agents seized over 30 pounds from him during the execution of a search warrant. PSR ¶¶ 8-16. The distribution of methamphetamine is a serious offense and the imposition of a sentence of 180 months reflected as much. To allow him to be released after

serving only one-third of his sentence would undermine the seriousness of the offense.

This sentence was specifically crafted to address the seriousness of the offense, provide just punishment, and to promote a respect for the law. It also took into account his previous criminal history, particularly his two prior felonies. The sentence the Court imposed also was significantly below the applicable guideline range, in large part because of his age and medical conditions.

This Court found that the sentence imposed in this case sufficient but not greater than necessary to serve the purposes of sentencing. The sentence was necessary then and remains necessary now. If Mestas were to be released now, his sentence would be woefully insufficient to account for the needs of deterrence, just punishment, and to promote respect for the law that drove the imposition of his sentence in the first place. Therefore, this Court should find that the § 3553(a) factors militate against compassionate release.

///

///

///

///

///

## CONCLUSION

The United States respectfully requests that the defendant's motion for compassionate release be denied.

DATED this 22nd day of May, 2026.

TIMOTHY J. RACICOT
Acting United States Attorney

*/s/ Julie R. Patten*
Assistant U.S. Attorney
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. CR 47.2(c), the United States' response to Defendant's motion for release is proportionately spaced, has a typeface of 14 points or more, and has a body containing 1,790 words.

*/s/ Julie R. Patten*
Assistant U.S. Attorney
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, a copy of the foregoing document was served on the following persons by the following means:

(1, 2) CM/ECF
( ) Hand Delivery
( ) U.S. Mail
( ) Overnight Delivery Service
( ) Fax
( ) E-Mail

1. Clerk, U.S. District Court

2. Jennifer Dwyer
Attorney for Defendant

*/s/ Julie R. Patten*
Assistant U.S. Attorney
Attorney for Plaintiff